[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown, by complaint returnable January 31, 1996. She also sought custody and support of the minor children, alimony and other relief. The defendant husband appeared pro se and did not file an answer or cross complaint. At trial both parties testified and submitted financial affidavits, written proposed orders and claims for relief. child support guidelines work sheet was submitted and the defendant's wage and pension benefit records were entered into evidence. The children's attorney made recommendations relating to custody on the record. From the evidence, I find as follows.
The couple were married at Waterford, Connecticut on September 3, 1991. The wife has resided in this state for at least one year continuously before the filing of the complaint. The parties have two minor children issue of the marriage: Lindsey, born May 2, 1988 and Landon, born January 5, 1991. No other minor children were born to the wife since the date of the marriage. Neither party or the children are recipients of public assistance, all statutory stays have expired and this court has jurisdiction.
The wife is 39 years of age, a high school graduate with two years of college and in good health. She has always worked as an accounts receivable clerk and now earns $7 per hour, $280 per week gross, $227 per week net. Her present employment with a wholesale fruit dealer appears to provide no insurance or pension benefits. CT Page 4531
The defendant husband is 38 years of age, in good health and a high school graduate. He has worked for Electric Boat as a machinist-technician for the past 14 plus years. He earns $16.75 per hour for a regular 40 hour week or $670 per week gross. However, he has been able to consistently work substantial amounts of overtime, which during a 20 week period preceding the trial averaged $1,244 per week gross (including vacation pay), $837 per week net. As the project he has been working on is about to end, he expects his overtime to stop in July, 1996.
The parties agreed that their personal property has been satisfactorily divided, that health insurance for the children would be maintained by the father and that any unreimbursed or uncovered health related expenses would be shared equally.
The parties disputed joint custody vis a vis sole custody, child support and alimony and the distribution of pension/deferred compensation benefits.
Fault is not a factor in this case. The parties have been separated since 1993, and the marriage has broken down irretrievably.
The parties were ordered to participate in the Parenting Education Program, § 46b-69b; the wife successfully completed it, the husband had not done so by the time of trial, but is scheduled to do so.
Both parties are fit and suitable parents. Each has much to offer their children, whom they deeply love. This love is reciprocated by the children. The mother, since the separation, has been their primary custodial parent. The father has contacted the children regularly and frequently by telephone, but due to his present work schedule has been unable to spend much time with them. I do not doubt his sincere interest in doing so.
The couple is unable to communicate well with each other and have basic disagreements about the rearing of the children. They appear simply unable to engage in joint decision-making concerning the rearing of the children, which is a fundamental tenet of "joint custody."
The father has conceded that the plaintiff is, and has CT Page 4532 been, a good mother, and that the children "ought to be with her."
The children's attorney has recommended that the mother be awarded sole custody, with reasonable rights of visitation to the father.
The only assets the parties have accumulated during the marriage, apart from their household goods and furnishings, are their motor vehicles, the wife's 401K plan from a prior employment worth $7,000 and the husband's vested pension benefit which would provide him with about $508 per month at age 65.
The parties have comparable employability. The husband has enjoyed greater earnings and earning capacity than the wife has, and thus has a better opportunity than she has to acquire capital assets and income in the future.
The children's attorney requests a fee of $1,094.50. I find this amount fair and reasonable, and reasonably necessary in order to represent the best interests of the children.
I find an arrearage of $310 on account of unpaid health-related expenses for the children, due the wife from the husband.
The child support guidelines presumptively suggest that the father pay $262 per week as child support. The plaintiff candidly concedes that this obligation is due in large part to extraordinarily large amounts of overtime pay earned by the husband. Because such overtime pay is unlikely to continue at a comparable rate, and because of the best interests of the children under the totality of the circumstances, the plaintiff suggested that the pendente lite order of $222 per week should remain in effect as a final order. The children's attorney concurred.
The court finds that because of the husband's provision of health insurance for the children, at a rate of $20 per week, $13 of which is attributable to the children, a child support order of $209 per week is appropriate, and that a mechanical application of the guidelines in this case would be unequitable and inappropriate. CT Page 4533
I have considered all of the criteria in General Statutes §§ 46b-62, 46b-81, 46b-82 and 46b-84 and the child support guidelines in the determination of the financial awards set forth below. I have also considered the monetary and nonmonetary contributions to the marriage of each spouse during the marriage and the taxable implications and consequences of such awards.
Accordingly, judgment may enter dissolving the marriage on the ground of irretrievable breakdown, together with the following orders:
1. Sole custody of the two minor children to the mother, subject to reasonable rights of visitation to the father. He shall give her 48 hours notice before each desired visit. Mother shall consult with father before making any major decisions which would affect the children's welfare, including matters relating to religious and academic training and education; non-emergency medical, dental and other health care, summer camp, sports and other extra-curricular activities. As soon as available, she shall send him copies of the children's report cards, academic and health records and their school and sports schedules. The father shall complete the Parenting Education Program.
2. The father shall pay child support in the sum of $209 per week secured by immediate wage execution. He shall be entitled to claim both children as exemptions for income tax purposes in 1996; in 1997 and subsequent years, each shall be entitled to claim one child; when only one child is eligible for such exemption, the parties shall alternate with the father having the exemption in the first such year. The father's entitlement to claim such exemptions shall be expressly conditioned on his being current in his child support obligation at the end of the applicable tax year.
3. Each shall have their respective automobiles and the personal property in his or her possession. Each is to pay the debts shown on their respective financial affidavits.
4. The wife shall have her 401K plan; the husband his pension benefits.
5. The husband shall pay the wife the sum of $1 per year CT Page 4534 alimony until September 30, 1997, which shall terminate sooner upon the death of either party, the wife's remarriage or pursuant to the provisions of General Statutes § 46b-86(b), and shall not be modified as to term.
6. The father shall maintain the minor children as covered dependents on his employment related health insurance and the parties shall equally share any reimbursed/uncovered health care expenses incurred on behalf of the children. An order pursuant to § 46b-84(d) shall enter. The arrearage of $310 shall be paid to the wife in equal weekly payments of $15 commencing June 10, 1996.
7. The father shall maintain his present and any future employment related life insurance policy for the benefit of the minor children, and irrevocably designate them as equal beneficiaries until each reaches age 19 or graduates high school, whichever first occurs, pursuant to the provisions of § 46b-84. He shall execute and deliver a written authorization to the wife so that she may determine the good standing and status of said policy.
8. The husband shall pay the sum of $750 to Attorney Cummings the children's counsel, in equal weekly payments of $25 commencing June 10, 1996; the wife shall pay $344.50, being the balance of his fees in equal weekly payments of $15 commencing June 10, 1996.
Teller, J.